IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MIGUEL SANTIAGO,
    Petitioner

v.    04-CV-30108-MAO

UNITED STATES OF AMERICA,
    Respondent

## MEMORANDUM IN SUPPORT OF
## MOTION FOR PRODUCTION OF SUPPRESSION HEARING TRANSCRIPTS

The Petitioner was disadvantaged by not having a transcript of the suppression hearing being challenged when he prepared his § 2255 Application. He made his argument from the best of his recollections and frankly expected the Government to produce the transcript as a part of its Answer. The Government has not done so and the transcript appears essential to answering the Government objections.

The jurisprudence for _forma pauperis_ production of transcript appears to have become arcane. The Petitioner has not been able to locate any First Circuit authority on the subject in the facilities available at F.C.I. Fort Dix. However, he has located out of Circuit authority which favors his position.

Title 28 U.S.C. § 753(f) provides funds for the production of needed transcripts. _United States v. McCollum_, 426 U.S. 317, 336 n. 2 [1976]. In the § 2255 context, no request for transcript is considered "ripe" until the Motion To Vacate has been filed. _United States v. Horvath_, 157 F.3d 131 (2nd Cir. 1998), citing _Walker v. United States_, 424 F.2d 278, 278-79 (5th Cir. 1970); _United States ex_

rel Davidson v. Wilkinson, 618 F.2d 1215, 1219 (7th Cir. 1980) (per curiam); and Chapman v. United States, 55 F.3d 390, 391 (8th Cir. 1995) (per curiam).

The threshold for making the request is low. Crossley v. United States, 538 F.2d 508, 509 (2nd Cir. 1976) ("some factual allegations of denial of a constitutional right"). The Eighth Circuit requires certification by the reviewing court that the transcripts are required to decide issues presented by the case. United States v. Lewis, 605 F.2d 379 (8th Cir. 1980). But litigants have been held to have an absolute right to pre-existing files and records of the underlying case. Williams v. United States, 618 F.2d 1215, 1217 (7th Cir. 1980).

The adjudication of this case relies upon a determination of the performance of counsel at the suppression hearing, specifically whether he raised and argued certain points of fact and law. Unless the Petitioner's version is conceded to be a fair and complete description of the events surrounding the hearing, the record is required to settle questions one way or another.

Wherefore, Mr. Santiago prays that the Court will order the production of the necessary transcript.

Respectfully submitted,

*Miguel Santiago*
Miguel Santiago, Pro Se
F.C.I. Fort Dix, Unit 5751
P.O. Box 2000
Fort Dix, New Jersey 08640

CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing Memorandum In Support of Motion For Production Of Suppression Hearing Transcripts to:

        Todd E. Newhouse, Esquire, A.U.S.A.
        Office of United States Attorney
        1550 Main Street, Room 310
        Springfield, Massachusetts   01103

on the ____th day of July, 2004, postage prepaid.

*Miguel Santiago* (signature)
Miguel Santiago