```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

MIGUEL SANTIAGO,              )
Petitioner                    )
                              )
                v.            ) CIVIL ACTION NO. 04-30108-MAP
                              )
UNITED STATES OF AMERICA,     )
Respondent                    )

<u>MEMORANDUM AND ORDER REGARDING</u>
<u>PETITIONER'S MOTION PURSUANT</u>
<u>TO 28 U.S.C. § 2255</u>
(Docket No. 1)

November 5, 2004

**PONSOR, D.J.**

The petitioner seeks an order from this court vacating his sentence, pursuant to 28 U.S.C. § 2255. The case has had a somewhat unusual procedural history, since on July 12, 2004 the court allowed the petitioner's motion for production of suppression hearing transcripts, and on August 20, 2004 the court (concerned that petitioner may not have received copies of necessary papers) gave the him until November 30, 2004 to file his response to the government's memorandum opposing relief. On October 22, 2004, the petitioner submitted his "Traverse" to the government's response. The matter is now ripe for decision.

The petitioner seeks issuance of <u>habeas</u> relief for two reasons. First, he claims that his attorney's performance was constitutionally deficient in pursuing a motion to suppress.

Second, he argues that crack cocaine is inadequately designated by the statute as a controlled substance to justify his conviction for conduct associated with its possession and distribution.

It is worth noting at the outset that the petitioner, without a plea agreement, pled guilty to all three counts against him on March 3, 2003. During the plea proceeding, the petitioner was explicitly advised of his rights to appeal both his sentence and conviction; nevertheless, he has never filed a direct appeal in this case. The failure of the petitioner to pursue his appeal, despite the opportunity to do so, is fatal to any claim presented here under 28 U.S.C. § 2255. No showing of any "cause" for failure to raise the claims now presented to the court or any "actual prejudice" resulting from the charged error has been demonstrated. Cause and prejudice must be shown where no appeal has been pursued before the court may consider a <u>habeas</u> petition. <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

Even if relief pursuant to 28 U.S.C. § 2255 were not waived, the substantive arguments offered by the petitioner are without merit. The petitioner was represented by two different counsel and his second attorney, Mr. Mastroianni, vigorously pursued the suppression issues during a four-day suppression hearing. He argued both the absence of justification for a

<u>Terry</u> stop and the absence of any probable cause justifying the petitioner's arrest without warrant. The court disagreed with the defense in a ruling made in open court, and no appeal was taken to this ruling. Counsel's performance comes nowhere near falling below the Constitutional minimum.

The argument with regard to the insufficiently precise designation of crack cocaine is similarly meritless. Title 21 U.S.C. § 812 at Schedule II(a)(4) forbids possession of "...cocaine, its salts, optical and geometric isomers, and salts of isomers; ... or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph." Cocaine in the form of crack cocaine falls within this definition. <u>See</u> <u>U.S. v. Robinson</u>, 144 F.3d 104, 108 (1st Cir. 1998).

For all these reasons, petitioner's motion for relief under 28 U.S.C. § 2255 is hereby DENIED and the petition is hereby ordered DISMISSED. This case may now be closed.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
United States District Judge