# United States Court of Appeals
## For the First Circuit

04-30108
Massachusetts
M. Ponsor

No. 05-1089

MIGUEL SANTIAGO,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Boudin, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

JUDGMENT

Entered: March 14, 2006

　　Pro se Petitioner Miguel Santiago requests a certificate of appealability (COA) from the district court's denial of his writ of habeas corpus under 28 U.S.C. §2255. To obtain a COA, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). After reviewing the record, we find that petitioner has failed to present valid Sixth Amendment ineffective assistance of counsel claims. Not only does petitioner misunderstand his counsels' legal arguments, of which he complains, but petitioner fails to demonstrate that counsels' performance was deficient or affected the outcome of the plea process. <u>United States v. Colon-Torres</u>, 382 F.3d 76, 85-86 (1st Cir. 2004).

　　To the extent petitioner has otherwise attempted to argue the merits of his Fourth amendment and statutory challenges in his habeas petition and COA request, those claims are procedurally defective. Having entered an unconditional guilty plea below, petitioner waived his Fourth Amendment argument and any other non-jurisdictional claims that may have arisen in the case prior to the entry of his plea. <u>United States v. Cordero</u>, 42 F.3d 697, 699 (1st

Cir. 1994). To the extent that petitioner challenges jurisdiction through his statutory argument regarding the scheduling of controlled substances, he procedurally defaulted by not pursuing it on direct appeal. Bousley v. U.S., 523 U.S. 614, 622 (1998); Cody v. U.S., 249 F.3d 47, 51-52 (1st Cir. 2001).

Therefore, we do not find the district court's resolution of petitioner's habeas claims reasonably debatable. Further, we conclude that the district court did not abuse its discretion by not holding an evidentiary hearing. David v. U.S., 134 F.3d 470, 477 (1st Cir. 1998)(reviewing district court's denial of evidentiary hearing in §2255 cases for abuse of discretion). Petitioner never articulated a formal request for an evidentiary hearing; nor is he automatically entitled to one, particularly in light of the significant, facial deficiencies in his habeas claims. Id.; 28 U.S.C. §2255.

Accordingly, Petitioner Santiago's request for a COA is denied and his appeal is terminated.

By the Court:

Richard Cushing Donovan, Clerk.

**MARGARET CARTER**

By: _____
Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*Jennifer Colardo*
Deputy Clerk

Date: 5.5.06

[Miguel Santiago, Todd E. Newhouse, AUSA, Dina Michael Chaitowitz, AUSA]